SAM MORACA et al., Appellants, *v.* EDWARD HURLEY, Respondent.

Fourth Department, February 18, 1965.

*Gellman & Gellman* (*Jack E. Gellman* and *Philip S. Gellman* of counsel), for appellants.

*Grossman & Levine* (*Stanley Grossman* and *Morree M. Levine* of counsel), for respondent.

*Per Curiam.* In affirming this order dismissing the complaint, we do not reach or pass upon which of these parties has title or superior claim to the property found. The complaint sounds in conversion alleging that the plaintiffs are the owners and entitled to immediate possession of this property. Special Term was entirely correct in dismissing this complaint. Article 7-B of the Personal Property Law (§§ 251–258) became law September 1, 1958. It deals with lost and found property. It requires that such property, if the value is in excess of $10 and found within a city (as here), be deposited with the city police department (§ 252, subds. 1, 2). The police authorities are mandated to keep custody of funds so deposited for a prescribed period depending upon the value (§ 253, subd. 7). The provisions of section 254 make it clear that no one except the true owner has either title or a right to possession of such property until the time designated has passed. So far as this record shows the money which is the subject of the litigation has never been deposited with the police department (as correctly ordered by Special Term) but remains in the hands of the Sheriff under a warrant of attachment. It is therefore obvious that this action for conversion is premature. The determination of the rights of these litigants in the posture of this record might well be meaningless because of the possibility of other claims, including that of the true owner, being made during the required period of deposit. The dismissal of the complaint should be without prejudice to the right of the plaintiffs to protect their interests, if any, under subdivision 1 of section 254 or subdivision 6 of section 256, if so advised.

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Order unanimously affirmed, with costs.